UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

PAUL JOSEPH SLAPINSKI,

    Plaintiff,

v.              Case No. 20-cv-166-pp

VETERANS ADMINISTRATION,

    Defendant.

---

**ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTION TO PROCEED WITHOUT PREPAYING THE FILING FEE (DKT. NO. 2)**

---

  The plaintiff, who is representing himself, filed a complaint against the Veterans Administration. Dkt. No. 1. At the same time, the plaintiff filed a motion to proceed without prepaying the filing fee. Dkt. No. 2. Because it appears that the plaintiff can pay the filing fee, the court will order that he do so before the court screens his complaint. Failure to pay the full filing fee by the deadline the court sets below will result in the court dismissing the case.

**I. Plaintiff's Ability to Pay the Filing Fee**

  To allow the plaintiff to proceed without prepaying the filing fee, the court first must decide whether the plaintiff can pay the fee; if not, it must determine whether the lawsuit is frivolous, malicious, or fails to state a claim upon which relief can be granted. 28 U.S.C. §§1915(a) and 1915(e)(2)(B)(i). The plaintiff's request to proceed without prepaying the fee says he does not work and is not

1

married but that he receives monthly income of $6,236[1] from the Social Security Administration and the Veterans Administration. Dkt. No. 2 at 2. Under Section III, Expenses, the plaintiff listed $1,800 per month for Extended Stay America Motel, $170 per month in credit card payments and $2,000 per month for other household expenses. Id. By the court's math, that comes to $3,970 per month. When asked for his total expenses, however, the plaintiff stated, "apprx. $3,200.00/month." Id. at 3. While the plaintiff indicated that he had no car payment, he says he owns a 2012 Toyota Tacoma worth $25,000. Id. He also reports that he owns $5,000 in "musical instruments." Id. at 4. The plaintiff concludes by explaining that he applied for VA disability benefits based his mental health issues and that he'd recently gotten a new fiduciary and had had a videoconference with a VA judge in Washington in September 2019. Id. It appears that the plaintiff is indicating that he was granted the benefits—he says, "applied for VA disability PTSD—MST granted as 'delusional paranoid schizophrenic." Id. Based on this application, the plaintiff has about $2,200 per month in disposable income.

This is not the first lawsuit the plaintiff has filed in this district. On November 25, 2019, he filed a suit against the state of Wisconsin. Slapinski v. Wisconsin, Case No. 19-cv-1729 (E.D. Wis.). In that case, he also filed an

---

[1] On page 2, Section II(1) of his application, the plaintiff indicates that his monthly wages or salary is $5,000. Dkt. No. 2 at 2. For the name and address of his employer, he listed the Social Security Administration/Veterans Administration. Id. Under Section II(3), Source of Income, the plaintiff reported receiving $1,179 per month from the Social Security Administration and $5,057 per month from the Veterans Administration. Id.

application to proceed without prepaying the filing fee. Id. at Dkt. No. 2. As he did in this case, the plaintiff reported in November 2019 that he was unemployed and unmarried. Id. at Dkt. No. 2, page 1. But in the 2019 case, he reported only $1,977 per month in expenses. Id. at Dkt. No. 2, page 3. In that application, he valued the Tacoma at $20,000. Id. He reported income from the Social Security Administration and the VA of only $2,275. Id. at Dkt. No. 2, page 3.

Between November 2019, when he filed the last lawsuit, and February 2020, when he filed this one, the plaintiff's income and expenses appear to have increased dramatically. The court suspects that may be because he finally was awarded some benefits he'd been denied several times before. Whatever the reason, with $2,200 a month in disposable income, the plaintiff can pay the filing fee.

## II. Screening

Because the court is denying the plaintiff's motion to proceed without prepaying the filing fee, it is not clear that 28 U.S.C. §1915(e) applies. The court notes, however, that to state a claim under the federal notice pleading system, a plaintiff must provide a "short and plain statement of the claim" showing that he is entitled to relief. Fed. R. Civ. P. 8(a)(2). A plaintiff does not need to plead every fact supporting his claims; he needs only to give the defendant fair notice of the claim and the grounds upon which it rests. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). At the same time, the allegations "must be enough to raise

3

a right to relief above the speculative level." Id. Because the plaintiff represents himself, the court must liberally construe the allegations of his complaint. Erickson v. Pardus, 551 U.S. 89, 94 (2007).

The plaintiff's complaint consists of the following paragraph:

> Federal Torts Claim
> Medical Malpractice—Veterans Administration
> 25 year of VA medical records
> Active Duty medical records
> VA records obtained from the US National Archives
> Pending Federal Discrimination Suit
> 1) State of Wisconsin 2) Veterans Administration 3) Milwaukee County Legal System 4) Greenfield Wisconsin Police Dept 5) Terrence Lamar Richardson

Dkt. No. 1 at 2.

The final four lines refer to the plaintiff's 2019 case, Slapinski v. State of Wisconsin, Case No. 19-cv-1729, which the court dismissed. In that case, the court explained to the plaintiff that he needed to tell the court what the defendant did to him, when and where. Id. at Dkt. No. 5. In this case, as in the prior case, the complaint does not describe any injuries, or provide dates, places or events. The plaintiff has sued the Veterans Administration, and one of the sentences in his complaint says "medical malpractice—Veterans Administration." Dkt. No. 1 at 2. But he does say what the VA did or didn't do to commit malpractice, or who did it, or when they did it. This complaint does not state a claim for which this court can provide relief.

The court explains this because if the plaintiff pays the $400 filing fee but does not amend his complaint to explain what happened to him, who did it and when they did it, the court will have to dismiss the case. If he wants to

4

proceed with this lawsuit, the plaintiff must pay the filing fee and file an amended complaint explaining, as if he is telling the court a story, what happened to him. The court is enclosing with this order a blank complaint form. The plaintiff may use it to file his amended complaint. He should write the word "Amended" at the top of the first page, in front of the word "Complaint," and should put the case number for this case—20-cv-166—in the space for the case number. He should use the space under "Statement of Claim" to explain to the court what happened to him, when it happened and who did it. If the plaintiff does not pay the filing fee and file an amended complaint by the deadline below, the court will dismiss the case.

### III. Conclusion

The court **DENIES** the plaintiff's motion for leave to proceed without prepaying the filing fee. Dkt. No. 2. The plaintiff must pay the $400 filing fee by the end of the day on **November 20, 2020**. If the court does not receive the $400 filing fee by the end of the day on November 20, 2020, it will dismiss the case.

If the plaintiff does pay the filing fee, he also should file his amended complaint by the end of the day on November 20, 2020.

Dated in Milwaukee, Wisconsin this 16th day of October, 2020.

BY THE COURT:

_____
**HON. PAMELA PEPPER
Chief United States District Judge**